IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 18-03076-CV-S-MDH |
| | ) | |
| BOBBY HAMMOND, | ) | |
| | ) | |
| Defendant. | ) | |

## **ORDER**

Defendant has personally filed three separate motions requesting his release from custody. (Docs. 64, 65, 66.) In his motions, Defendant states that "I do not Need a Gaurdian [sic] to File a Motion, NOR a Lawyer," that he "do[es] not have a mental problem" (doc. 65) and asks this Court for "Release" (docs. 64, 65, 66). This action has been referred to the undersigned for processing and handling. Upon review, the motions will be denied without prejudice as unauthorized by law.

Defendant is presently confined at the Medical Center for Federal Prisoners in Springfield, Missouri, pursuant to an order of commitment under 18 U.S.C. § 4246. (Doc. 12.) The Court of Appeals affirmed the order of commitment, finding it to be factually supported. *See United States v. Hammond*, 760 F. App'x 489 (8th Cir. 2019). As Defendant has been previously advised, by law, he is not authorized to personally file a motion to determine whether he should be released. *See United States v. O'Laughlin*, 934 F.3d 840, 841 (8th Cir. 2019) (Section 4247(h) requires that "motions for release from civil commitment be filed by an attorney or legal guardian for the committed person") *cert. denied*, 140 S.Ct. 2535 (Mar. 23, 2020). Here, the three motions are signed by Defendant only, and were not filed by his attorney or legal guardian.

Accordingly, Defendant's *pro se* motions seeking release (docs. 64, 65, 66) are **DENIED** without prejudice as unauthorized by law.  The Clerk's Office is directed to send a copy of this Order to Defendant via regular mail.

/s/ *David P. Rush*
DAVID P. RUSH
UNITED STATES MAGISTRATE JUDGE

DATE: February 2, 2021